COMMUNITY SERVICE INSURANCE COMPANY v PRICE

INSURANCE—AUTOMOBILE LIABILITY INSURANCE—POLICY INTERPRETATION—POLICY LIMITATION ON COVERAGE.

A liability insurance policy which covers two automobiles separately owned by two named insureds for which separate premiums are charged for each vehicle cannot be interpreted to cause the stated limits of dollar coverage in the policy to be doubled as to injuries resulting from the operation by one named insured of the insured automobile owned by the other named insured where the policy contains a separability clause which provides that "the inclusion * * * of more than one insured shall not operate to increase the limits of the company's liability".

Appeal from Genesee, John W. Baker, J. Submitted Division 2 May 3, 1972, at Lansing. (Docket No. 12902.) Decided June 27, 1972. Leave to appeal granted, 388 Mich 775.

Complaint by Community Service Insurance Company against Eldon L. Price, Velma E. Price, and David L. Beckwith, guardian of the estate of Carolyn Beckwith, for a declaratory judgment that the applicable limits of coverage of an insurance policy issued to defendants Price was $10,000. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Gault, Davison & Bowers,* for plaintiff.

*Milliken & Magee,* for defendants Price.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance §§ 189–192.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for defendant Beckwith.

Before: QUINN, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

FITZGERALD, J. This is a declaratory judgment case involving an automobile liability insurance policy and the limits of coverage afforded thereby. Plaintiff, Community Service Insurance Company, a Michigan corporation, issued the policy in question to defendants Eldon L. and Velma E. Price, husband and wife. By the institution of this action, plaintiff asked the court to declare that the applicable limits of coverage of the policy amounted to $10,000. Defendants answered that the policy in question contained applicable coverage limits of $20,000.

The parties entered into a stipulation of facts which stated in part:

"4. On March 4, 1969, Velma E. Price was the registered owner of title to a 1959 Volkswagen automobile bearing the serial number of 2419188, and she had so held title to such automobile prior thereto and since on or about October 2, 1968.

"5. On March 4, 1969, Eldon L. Price was the registered owner of title to a 1966 Chevrolet automobile, bearing the serial number of 164376F234062, and he had so held title to such automobile prior thereto and since on or about October 17, 1966.

"6. On March 4, 1969, the automobile driven by David L. Beckwith and occupied as a passenger by his wife, Carolyn Beckwith, was involved in an automobile accident with the described Volkswagen automobile owned by Velma E. Price and which was, at the time of such accident, operated by her husband, Eldon L. Price; the accident occurred on Miller Road, at its intersection with Linden Road, in Genesee County, Michigan.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"7. As a result of the above-described accident Carolyn Beckwith sustained serious injuries, and David L. Beckwith, as guardian of the estate of Carolyn Beckwith, a minor, instituted suit in Genesee County Circuit Court under docket no. 14901, against Eldon L. Price and Velma E. Price, upon the claim of Carolyn Beckwith for recovery on account of injuries sustained by her in the described accident.

"8. On March 4, 1969, the date of the described accident, there was in full force and effect a certain policy of automobile liability insurance issued by Community Service Insurance Company; and such policy of insurance bore the policy number of 24X09, and, as of March 4, 1969,

"a. Such policy designated Eldon L. Price and designated Velma E. Price each as the named insureds by the specific naming of such persons as the 'named insureds' in the declarations to such policy of insurance;

"b. Such policy of insurance designated as the 'owned automobiles' covered by the provisions of such policy of insurance to be the above described 1959 Volkswagen automobile and the above described 1966 Chevrolet automobile, the registered owners of title to which were respectively Velma E. Price and Eldon L. Price, as set forth in paragraphs 4 and 5, hereof; and such designation of the automobiles covered by the policy of insurance was by description set forth in the declarations to such policy of insurance; and,

"c. The stated limits of coverage for bodily injury provided by said policy of insurance were $10,000 for injuries (or death) and damages sustained as to one person as a result of an occurrence of an accident and, subject to such single limits, $20,000 for injuries (or deaths) and damages sustained by two or more persons as the result of one occurrence of accident.

\* \* \*

"11. The coverages set forth in said policy of insurance and its declarations are applicable to the accident described in the foregoing paragraphs, subject only to the interpretation of the monetary limits of such coverages which are to be determined in these proceedings."

The court, by written opinion, declared that coverage under the policy in question was, in the circumstances of this case, in the amount of $20,-000. An order of declaratory judgment was entered accordingly, and this appeal of right by plaintiff-insurer followed.

On appeal, the question to be determined may be stated as follows: *Does the circumstance of coverage provided by one liability insurance policy covering two automobiles separately owned by two named insureds, for which coverage separate premiums are charged for each vehicle, cause the stated limits of dollar coverage to be doubled as to injuries resulting from the operation by one named insured of the insured automobile owned by the other named insured?*

The policy of insurance in question contains in part the following liability provision in Part 1 thereof:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury * * * arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile * * * ."

"Persons Insured" under Part 1 are specified in part as follows:

"(a) with respect to the owned automobile,

"(1) the named insured and any *resident* of the same household, * * * ." (Emphasis supplied.)

Definitions under Part 1 include the following:

" 'named insured' means the individual named in the declarations and also includes his spouse, if a resident of the same household;

* * *

" 'owned automobile' means

"(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded * * * ."

Plaintiff-insurer claims that the limit of its liability coverage under the terms of the insurance policy in question, with respect to the injuries sustained by Carolyn Beckwith, is $10,000, and that the express terms of the policy support that claim and should not allow for the $10,000 limit of coverage to be increased by consequence of designation of two named insureds in the policy. The policy, in Part 1 thereof, contains a separability clause, relied upon by plaintiff, which states:

"The insurance afforded under Part 1 applies separately to each insured against whom claim is made or suit is brought, *but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.*" (Emphasis supplied.)

Defendants counter by asserting that defendant Eldon Price was the driver of a "non-owned automobile"[1] at the time of the accident and injuries to Carolyn Beckwith. The automobile involved in that accident was owned solely by defendant Velma Price, his wife. Defendants contend that her ownership of the automobile had the effect of placing her outside of the definition of "relative" as set forth in the footnote. They assert, therefore, that defendant Eldon Price was a "person insured" under the policy and that the policy

---

[1] The policy in question, in Part 1, defines "non-owned automobile" as "an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."

"Relative" is defined in Part 1 of the policy as "a person related to the named insured by blood, marriage or adoption who is a resident of the same household, provided neither such relative nor his spouse owns a private passenger automobile; * * * ."

in question is, in actuality, two separate policies, defendant Velma Price being insured for $10,000 as owner of the vehicle in question and Eldon Price being insured for $10,000 under the non-owned automobile provision of his policy.

The trial court stated in its written opinion in part as follows:

"Where ambiguities exist in a policy of insurance contracts, they are strictly construed to provide maximum coverage to the insured.

"The court can find little if any distinction between the facts of this case and one where a named insured is driving another person's vehicle and has an accident. The primary coverage would be that covering the vehicle, excess coverage would be available from the named insured from his separate policy."

In the instant case, both the Volkswagen automobile, owned by defendant Velma Price and involved in the accident in question, and the Chevrolet automobile, owned by defendant Eldon Price, are "owned automobiles" covered by the insurance policy. Both defendants, Velma and Eldon Price, are designated as "named insureds" in the policy declaration and both are residents of the same household. Accordingly, pursuant to the policy provisions, both defendants are "persons insured" with respect to each of the owned automobiles.

A literal reading of the policy in the present case limits plaintiff's liability to the sum of $10,000, the amount of coverage provided for injuries sustained as to one person. This result is mandated by the policy provision which states that "the inclusion * * * of more than one insured shall not operate to increase the limits of the company's liability". We rule, therefore, that the trial court's determination that coverage afforded defendants Price was in the amount of $20,000 is

not supported by the provisions of the policy in question.

Reversed and remanded to the circuit court for an entry of judgment in accordance with this opinion. Costs to plaintiff.

All concurred.