COMMUNITY SERVICE INSURANCE COMPANY v PRICE

DECISION OF THE COURT

1. APPEAL AND ERROR—EQUALLY DIVIDED COURT.

Decision of the Michigan Court of Appeals determining that the applicable limits of liability coverage of an automobile insurance policy issued to defendants was $10,000 is affirmed by an equally divided Court.

OPINION FOR AFFIRMANCE

T. G. KAVANAGH, LEVIN, and M. S. COLEMAN, JJ.

2. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—NONOWNED AUTOMOBILE—OWNED AUTOMOBILE—INSURER'S LIABILITY.

*Michigan Supreme Court looks first to the definition of "owned automobile" to determine if an automobile insurance contract provides coverage, where it may be said an ambiguity exists with regard to the definition of "nonowned" automobile but there is no ambiguity with regard to the definition of "owned automobile", and finding that it does provide coverage while driving an "owned automobile" there is no occasion to determine what coverage the contract provides in relation to a "nonowned automobile".*

3. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—OWNED AUTOMOBILE—INSURER'S LIABILITY.

*Under the terms of an automobile insurance policy which covered two automobiles separately owned by a husband and wife named as insureds any automobile described in the policy for which a premium was paid was an "owned" automobile as to any and all of the named insureds listed on the policy; therefore, the husband, while driving his wife's automobile described in the policy, was driving an "owned" automobile with respect*

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 901, 902.
[2, 3] 7 Am Jur 2d, Automobile Insurance § 98.
[4, 6, 7] 7 Am Jur 2d, Automobile Insurance §§ 41–138.
[5] 7 Am Jur 2d, Automobile Insurance § 103.

*to the policy of insurance, and because he was driving an
"owned" automobile, the insurer's limit of liability is that
which is stated in the policy as to "owned" automobiles, that is,
$10,000.*

### OPINION FOR REVERSAL

T. M. KAVANAGH, C. J., and SWAINSON and WILLIAMS, JJ.

4. INSURANCE—AUTOMOBILES—LIABILITY COVERAGE.

*A qualifying phrase attached to a condition of an automobile
insurance policy which limits of coverage were* inter alia *$10,-
000 for injuries or death to one person, and $20,000 with
respect to two or more persons injured as a result of an
accident providing that "[w]hen two or more automobiles are
insured hereunder, the terms of this policy should apply sepa-
rately to each", would require that when more than one
automobile is listed in the policy, the $10,000 coverage limita-
tion would be applied separately to each vehicle.*

5. INSURANCE—AUTOMOBILES—NAMED INSURED—CONSTRUCTION OF
   POLICY.

*The term "named insured" used throughout an automobile insur-
ance policy in the singular sense, cannot be read by the
Michigan Supreme Court and will not be read by the Court to
be inclusive of only one person in one policy provision and yet
to read inclusive of more than one person in a different policy
provision.*

6. INSURANCE—AUTOMOBILES—CONSTRUCTION OF POLICY—APPEAL AND
   ERROR.

*The Michigan Supreme Court will accept the definition of a
phrase, which is used in an automobile insurance policy in both
the singular and the plural, which is the most reasonable from
the four corners of the policy and is urged by the drafters of
the policy.*

7. INSURANCE—AUTOMOBILES—LIABILITY COVERAGE—CONSTRUCTION
   OF POLICY.

*An automobile insurance company which wished to limit its
liability should have stated so in no uncertain language in its
policy instead of by means of complicated, illogical, and confus-
ing definitional sections; and, as it is the insurance company
which wrote the policy, the company must bear the loss if the
language chosen does not achieve the effect intended.*

Appeal from Court of Appeals, Division 2,

Quinn, P. J., and Fitzgerald and Van Valkenburg, JJ., reversing and remanding Genesee, John W. Baker, J. Submitted May 10, 1973. (No. 8 May Term 1973, Docket No. 54,255.) Decided May 21, 1974.

41 Mich App 604 affirmed by an equally divided Court.

Complaint by Community Service Insurance Company against Eldon L. Price, Velma E. Price, and David L. Beckwith, guardian of the estate of Carolyn Beckwith, for a declaratory judgment determining that the applicable limits of liability coverage of an automobile insurance policy issued to defendants Price was $10,000. Judgment for defendants. Plaintiff appealed to the Court of Appeals. Reversed and remanded. Defendants appeal. Affirmed by an equally divided Court.

*Gault, Davison & Bowers,* for plaintiff.

*Milliken & Magee,* for defendants Price.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for defendant Beckwith.

T. G. Kavanagh, J. *(for affirmance).* On March 4, 1969 defendant Eldon L. Price while driving a Volkswagen registered in the name of his wife, Velma E. Price, was involved in an accident with an automobile driven by defendant David L. Beckwith. Carolyn Beckwith was a passenger in the car driven by her husband and as a result of the accident Carolyn Beckwith sustained serious injuries.

On the date of the accident, there was in full force and effect a policy of automobile insurance

issued by plaintiff, Community Service Insurance Company. This was a single policy that covered both Eldon L. Price and Velma E. Price as named insureds and afforded coverage to both a Chevrolet registered in the name of Eldon Price and the Volkswagen registered in the name of Velma Price. The limits of coverage were *inter alia* $10,-000 for injuries or death to one person, and $20,-000 with respect to two or more persons injured as a result of an accident.

Plaintiff insurance company brought an action in Genesee Circuit Court (John W. Baker, J.) for a declaratory judgment to determine the applicable limits of coverage available to defendants.

The trial court held that the Volkswagen driven by Eldon Price, but registered to Velma Price was, within the policy, a "nonowned" automobile with respect to Eldon Price. Furthermore, because of certain ambiguities within the policy, the trial court ordered the plaintiff insurance company to provide $10,000 as primary liability applicable to the Volkswagen as a described automobile owned and insured by Velma Price and an additional $10,000 as secondary liability applicable to Eldon Price as a named insured driving a "nonowned" automobile.

The Court of Appeals (FITZGERALD, J.) reversed and held that the maximum coverage was $10,000 in accordance with its construction of various provisions within the policy.

We affirm the Court of Appeals, for while it may be said that an ambiguity exists with regard to the definition of "nonowned" automobile, there is no ambiguity with regard to the definition of "owned automobile".

In such circumstance we look first to the definition of "owned automobile" to determine if the

contract provides coverage. Finding that it does provide coverage while driving an "owned automobile" there is no occasion to determine what coverage the contract provides in relation to a "non-owned automobile".

Both the Volkswagen and the Chevrolet were described in the amended declarations which formed a part of the policy. A premium charge for each automobile indicated that bodily injury in the amount of $10,000 for one person was afforded to each automobile. The definition of "owned automobile" under PART I—LIABILITY of the policy was:

"a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded, * * * ."

Under the terms of the policy any automobile described in the policy for which a premium was paid was an "owned" automobile as to any and all of the named insureds listed on the policy. Therefore, Eldon Price, while driving the Volkswagen on March 4, 1969, was driving an "owned" automobile with respect to the policy of insurance. Because Eldon Price was driving an "owned" automobile, the insurer's limit of liability is that which is stated in the policy as to "owned" automobiles, that is, $10,000.

The decision of the trial court which found a limit of liability totalling $20,000, therefore, was in error. The Court of Appeals decision with respect to its finding that the Volkswagen under the terms of the policy was "owned" by Eldon Price is affirmed.

Costs to plaintiff.

Levin and M. S. Coleman, JJ., concurred with T. G. Kavanagh, J.

T. M. Kavanagh, C. J. *(for reversal).* This case is before us on leave granted from a decision of the Court of Appeals, 41 Mich App 604; 200 NW2d 450 (1972) reversing the decision of the trial court.

On March 4, 1969 defendant Eldon L. Price, while driving a Volkswagen registered in the name of his wife, Velma E. Price, was involved in an accident with an automobile driven by defendant David L. Beckwith. Carolyn Beckwith was a passenger in the car driven by her husband, David, and was seriously injured.

A suit for damages sustained by Carolyn Beckwith as a result of the accident was brought against Eldon Price and Velma Price by David L. Beckwith as guardian of the estate of Carolyn Beckwith.

On the date of the accident, there was in full force and effect a policy of automobile insurance issued by plaintiff, Community Service Insurance Company. The policy covered both Eldon L. Price and Velma E. Price as named insureds and afforded coverage to both a Chevrolet registered in the name of Eldon Price and a Volkswagen registered in the name of Velma Price. There was no indication in the policy as to whom the automobiles were registered. In fact, the Chevrolet was registered in the name of Eldon Price and the Volkswagen was registered in the name of Velma Price. The limits of coverage were *inter alia* $10,000 for injuries or death to one person, and $20,000 with respect to two or more persons injured as a result of an accident.

Plaintiff insurance company brought an action in Genesee Circuit Court for a declaratory judgment to determine the applicable limits of coverage available to the defendants.

The trial court held that the Volkswagen driven

by Eldon Price but registered to Velma Price was, in accordance with the policy, a "nonowned" automobile with respect to Eldon Price. Because of perceived ambiguities within the policy, the trial court ordered the plaintiff insurance company to provide $10,000 as primary liability applicable to the Volkswagen as a described automobile owned and insured by Velma Price, and an additional $10,000 as secondary liability applicable to Eldon Price as named insured driving a nonowned automobile.

The Court of Appeals reversed and held that the maximum coverage was only $10,000 in accordance with its construction of various provisions within the policy. They pointed out that under the policy, both automobiles are "owned" automobiles as that term is defined by the policy definitions. Therefore, since the policy issued to Eldon Price as the owner of the Chevrolet did not provide for operator's coverage while driving a vehicle owned by his wife, an "owned" automobile, the secondary liability provisions of that policy were not applicable.

Both the Volkswagen and the Chevrolet were described in the amended declarations which formed a part of the policy. A premium charge for each automobile indicated that bodily injury coverage in the amount of $10,000 for one person was afforded to each automobile.

However, a condition of the policy provided that when two automobiles were insured thereunder, the terms of the policy with respect to liability would apply separately to each. That condition reads as follows:

"4. Two or More Automobiles—Parts I, II and III: When two or more automobiles are insured hereunder, the terms of this policy should apply separately to each,

but an automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under Part I of this policy, and separate automobiles under Part III of this policy, including any deductible provisions applicable thereto."

The operative effect of this policy condition is better understood if reference is made to the parts of the policy to which it states it applies. Part I of the policy provides for personal injury and property damage liability protection. Part II of the policy provides expenses for medical services, and Part III of the policy provides comprehensive damage and collision insurance. The qualifying phrase attached to this policy condition shows what the intended operative effect of this condition was meant to be by the company. A car and a trailer are considered to be but one automobile with respects to the limits of liability afforded under Part I, however, they are considered to be separate automobiles (just as the two separate distinct automobiles involved in this case are) with respect to the coverage afforded under Part III, and the deductible provisions applicable thereto. Thus, only $10,000 liability insurance coverage is provided under Part I. When a collision or comprehensive claim is lodged against the insurance company for damages sustained to both the car and trailer, this provision would operate and require that the stated deductible be applied to each "automobile" separately. If the policy provided for a $100 deductible, and both the car and trailer were damaged, by means of this severability clause the insured would have to pay to the insurance company $200 in total deductible to have both vehicles repaired.

It is also noted, that this condition states that the limits of liability afforded under the policy

under Part I, when more than one automobile is insured under the policy, operates in the same manner as under Part III. Applying this analysis to the present facts, this would require that when more than one automobile is listed in the policy, the $10,000 coverage limitation would be applied separately to *each* vehicle.

No one disputes that $10,000 coverage is afforded under the policy issued on the Volkswagen driven in the accident, and insured by Velma Price as the owner of that automobile. The dispute arises as to whether or not any coverage is afforded under the policy issued on the Chevrolet to Eldon Price as owner.

Under the policy, the company obligates itself to pay on behalf of the insured all sums to which the insured shall become legally obligated to pay as damages because of bodily injury arising out of the ownership, maintenance or use of the owned automobile or any nonowned automobile. This of course is subject to the policy limits. If the Volkswagen, when driven by Eldon Price, is either an owned or a nonowned automobile pursuant to the policy provisions of the policy issued to Eldon Price on the Chevrolet, $10,000 coverage is afforded to him as operator of that vehicle, if such coverage is not barred by any other policy provision.

An "owned automobile" as defined in the policy means "(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded, (b) a trailer owned by the named insured * * * ."

A "nonowned automobile" as defined in the policy "means an automobile or trailer not owned by or furnished for the regular use of either the

named insured or any relative, other than a temporary substitute automobile". By policy definition, Velma Price would not be a "relative" for purposes of this policy provision. However, appellees argue that she is a named insured.

A "named insured" as defined in the policy is an individual named in the declarations and also includes his spouse, if a resident in the same household.

We agree with the Court of Appeals that by these policy definitions, both the Chevrolet and the Volkswagen are "owned automobiles". Both automobiles are listed in the policy declarations, and a specific premium charge is attached to each. Further, the policy as drafted is quite specific in its use of the English language. The declarations are to be a "part" of the policy. When the policy discusses the actual coverage limits, either the term "insurance" or the term "limits of liability" is used by the company. At various places, the policy also contains "conditions" and "exclusions", and when specific reference is made to the declaration page as a whole the policy very carefully uses the word "declarations". Nowhere in the policy is there any provision for severing part of the declarations and only applying that section to the remainder of the policy. In fact, the declarations page itself states that "[t]hese declarations form a part of the policy * * * ." The language used is plural, was intended to be read that way and will be read that way by this Court.

It would then appear that since Eldon Price was driving an owned automobile at the time of this accident, $10,000 operator's coverage should be afforded to him under the policy issued on the Chevrolet. The company, however, states that this provision "[t]he insurance afforded under Part I

applies separately to each insured against whom claim is made or suit is brought, with the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability" prohibits this type of application. This Court agrees that this provision prevents the stacking or pyramiding of coverage in a single policy of insurance covering one automobile with more than one listed insured. However, under its definitional sections, the word "insured" is defined, *inter alia,* to mean "the named insured". However, the "named insured" means the individual named in the declarations and also includes his spouse if a resident of the same household.

In their brief, the company argues that the "named insured" consists of two persons, both Eldon and Velma Price, being husband and wife. This approach is taken by the company because if the Volkswagen, driven by Eldon Price, is a "non-owned automobile" as that term is defined within the policy, other policy provisions clearly provide that $20,000 coverage in this case is afforded. However, the company aptly points out that a nonowned automobile is one not owned by the named insured. Therefore, they state, this singular term can consist of more than one person. By policy definition, their analysis is correct.

However, the definition of an insured, as that term is used in the "anti-stack" or "anti-pyramid" provision quoted above, now becomes ambiguous, when applied to the "named insured". For while "insured" refers to persons or organizations, it also includes the collective term now known as the "named insured". Thus, accepting the collective definition of the "named insured" preferred by the company, that term becomes akin to an organization, rather than to a singular person. Therefore,

as long as the persons insured are both "named insureds", more than one "insured" has not been included to increase the limits of the company's liability.

Simply put, the company is in effect asking that we interpret the phrase "named insured" singularly when that phrase is used by the company in their "anti-pyramid" provision. Yet at the same time, the company urges that this Court interpret that same term, to read in the plural when the phrase is used by the company in their definition of a nonowned automobile so there will be no coverage. The term itself is ambiguous when application of that term is applied to different policy provisions. This term, used throughout the policy in the singular sense, cannot be read by this Court and will not be read by this Court to be inclusive of only one person in one policy provision and yet to read inclusive of more than one person in a different policy provision. Yet this is what the company asks, for if this term is read consistently throughout the policy, there is no doubt that $20,000 coverage is afforded by this policy for this accident. If the term is read in the singular, then the Volkswagen driven by Eldon Price is a nonowned automobile. If the term is read in the plural, the Volkswagen is no longer a "non-owned automobile". However, the anti-pyramid provisions of the policy no longer apply. This Court has accepted the latter definition as it is the most reasonable from the four corners of the policy. It is also the definition urged by the company and we have accepted it.

In their brief, the company states that this language, deemed ambiguous by this Court, was included in the policy to prevent the doubling of limits in the circumstances of separate ownership

of automobiles between husband and wife, and their election to change the operation between themselves so the nonowner is the driver. As stated by the trial court, if the company wished to so limit its liability, it should have stated so in no uncertain language. Instead they chose to do so by means of their complicated, illogical, confusing definitional sections. As it is they who wrote the policy, they must bear the loss if the language they chose does not achieve the effect which they intended. *D F Broderick, Inc v Continental Credit Corp*, 309 Mich 546; 16 NW2d 68 (1944); *Allor v Dubay*, 317 Mich 281; 26 NW2d 772 (1947). It is the judgment of this Court that the Court of Appeals be reversed and the judgment of the trial court reinstated to provide for $20,000 coverage in this accident. Costs to appellants.

SWAINSON and WILLIAMS, JJ., concurred with T. M. KAVANAGH, C. J.

J. W. FITZGERALD, J., did not sit in this case.