13669

TYGER RIVER PINE CO. v. MARYLAND CASUALTY CO.

(170 S. E., 346)

*Messrs. Osborne & Butler*, for appellant,

*Messrs. J. Gordon Hughes* and *Donald Russell*, for respondent,

July 17, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Erwin Chesser was, in January, 1928, in the employ of the respondent at its lumber mill in Union County, S. C. On the 18th day of January he suffered an injury while engaged in the duties of his employment which resulted in the permanent injury of one of his arms. The Tyger River Pine Company carried a policy in Maryland Casualty Company which insured it for any sum not exceeding $5,000.00 it might be called on to pay for injuries suffered by any of its employees. Efforts at settlement of any claim Chesser might make against respondent failed of consummation. Whereupon he brought suit against the Tyger River Pine Company and recovered a verdict for $7,000.00, which was affirmed on appeal. See' *Chesser v. Tyger River Pine Co.*, 155 S. C., 356, 152 S. E., 646. Thereupon the respondent brought this action against the appellant. A demurrer was 'interposed by the defendant, the appellant here, which was heard on Circuit, and overruled, by Judge Ramage. His order in the premises was affirmed by this Court. See *Tiger River Pine Co. v. Maryland Casualty Co.*, 163 S. C., 229, 161 S. E., 491, 492.

This action is brought to recover the sum of $2,162.20 which the Tyger River Pine Company alleges it was compelled to pay to Chesser on his judgment against it over and above the amount of $5,000.00 of the policy which the Tyger River Pine Company carried in the casualty company. The complaint alleges the issuance to plaintiff by the casualty · company, in consideration of a stated premium, of a policy which undertook to insure it, for one year, against loss for any liability imposed by law upon Tyger River Pine Company for damages for any injuries, including death, resulting therefrom, accidentally suffered, or alleged to have been suffered, by any employee of the plaintiff, while engaged within his employment, limited to $5,000.00 for any one person. The complaint alleges, further, that the defendant,

Maryland Casualty Company, by the terms of the policy contracted to defend, in the name and on behalf of the plaintiff, the defendant to have exclusive control of such defense, any suits or other proceedings which might at any time be instituted against the plaintiff on account of bodily injuries suffered, or alleged to be suffered, by any employee of the plaintiff, even though such claims and suits were wholly groundless and false or fraudulent, and to pay all costs taxed against plaintiff in such suits; that under the provisions of the policy the casualty company reserved to itself the exclusive right to compromise or settle all suits or claims, and the plaintiff was specifically prohibited from making any compromise or settlement, or making any expenditures in connection with any such injuries unless first authorized to do so by the defendant, in writing. The complaint then alleges that an accident befell one of its employees, Erwin Chesser, while in plaintiff's employ, by which he sustained serious bodily injuries; notice of which accident was immediately given to defendant; that for practically seven months thereafter the defendant dallied and delayed in making any investigation, and although plaintiff urged upon it the necessity to protect plaintiff's and its own interests by compromising and settling the claim, refused to make any proper investigation, and without thought of or regard to the rights of plaintiff, refused and neglected to make any honest effort to settle the claim, although Chesser was at all times willing and anxious to settle the claim at a small and reasonable figure which a person of ordinary prudence would have accepted; that defendant giving no thought to plaintiff's rights in the premises, recklessly, negligently, and in bad faith dallied with the offers of settlement for such unreasonable time that they were withdrawn and suit was brought by Chesser against the Tyger River Pine Company which resulted in a verdict for Chesser in the sum of $7,-000.00. That after the rendition of this verdict Chesser, through his attorneys, offered to settle the judgment of $7,-

000.00 for the sum of $5,000.00, but the casualty company, thinking only of its own interests, and in disregard of the interests of this plaintiff, negligently, recklessly, contumaciously, fraudulently, and in bad faith refused to settle for the sum offered, which would have saved the plaintiff harmless, insisted upon taking' an appeal from the judgment, although any prudent person would have known that the appeal was without merit; that the appeal was dismissed and in consequence thereof this plaintiff was compelled to pay in settlement of said judgment the sum of $2,162.20 over and above the sum of $5,000.00 paid by the casualty company under the policy of indemnity. That the loss thus suffered by plaintiff was due to the fact that the defendant, exercising its reserved rights under the policy of indemnity issued by it to plaintiff, took exclusive control and management of all negotiations for compromise and settlement of Chesser's claim and negligently, recklessly, willfully, contumaciously, and in bad faith, with a view to its own interests alone, and in disregard of plaintiff's rights and interests, neglected and refused to settle the claim before suit brought, and after judgment rendered continued to refuse to settle it, although such settlement was prudent and reasonable to be made.

The prayer is for the sum of $2,162.20 and interest and costs.

The defendant filed a demurrer, which was overruled, and on appeal the order dismissing the demurrer was affirmed as is hereinbefore stated.

The answer admits the execution of the policy of indemnity, but denies that its terms are correctly set forth in the complaint, and it sets out the exact language of the paragraphs pertinent to the issues offered by the complaint, and attaches a copy to the answer; it admits that Chesser suffered an injury while in the employ of the Tyger River Pine Company, and that negotiations and correspondence ensued with reference to a compromise settlement with him. That

in all such negotiations and correspondence defendant acted in perfect good faith in the light of the information furnished by plaintiff. It admits that when notified of the suit by Chesser against the Tyger River Pine Company it took control and direction of the defense thereof. Admits the allegations of the appeal to the Supreme Court, that the appeal was dismissed and that plaintiff did pay on the judgment the sum of $2,000.00 and $162.20 interest thereon. It denies each and every allegation of the complaint not thus admitted.

The present action was heard by Judge T. S. Sease and a jury at the May, 1932, term of the Court of Common Pleas for Union County and resulted in a verdict for plaintiff in the sum of $2,162.20.

At the conclusion of the testimony for the plaintiff the defendant moved for a directed verdict on grounds set out in the record, and embodied in the exceptions, which motion was overruled. After verdict defendant moved for a new trial, which motion was refused. From the judgment entered on the verdict defendant appeals.

There are thirteen exceptions, which impute error in the rulings and charge of the presiding Judge, and in refusals to charge. Appellant's counsel in their excellent brief condense these and consider them under two general heads, viz.: Refusal to direct verdict, subdivided into three questions. As to charge, subdivided into seven questions. We shall consider all of these, but not in detail.

Some of the issues involved in this appeal were determined in the appeal from the order of Judge Ramage overruling the demurrer. Running all through the case, as appears from an inspection of the grounds of the motion for a directed verdict and the requests to charge preferred by defendant, is the contention by defendant that plaintiff is not entitled to recover for negligence unaccompanied by fraud or bad faith on the part of defendant in the negotiations relating to compromise and settlement and defendant's actions and conduct thereabout.

We think this question was decided by this Court by the opinion on the appeal from the order overruling the demurrer. The opinion thus states the issue: "Does the complaint state a cause of action either in contract or in tort for breach of contract, or of bad faith *or negligence* [emphasis added], in the performance of contract?"

The following was quoted from the case of *Attleboro Mfg. Co. v. Frankfort, etc., Co.* (C. C. Mass.), 171 F., 495: "Where an insurer under an employers' liability policy on being notified of an action for injuries to insured's servant assumed the defense thereof, and was negligent in conducting the suit, to the loss of the employer, the latter was entitled to sue the insurance company for breach of its implied contract to exercise reasonable care in conducting the suit or in tort for negligence."

We said in our opinion in connection with this question: "The same principle is announced in the rehearing of the same case reported in [*Attleboro Mfg. Co. v. Frankfort, etc., Co.*] (C. C. A.), 240 F., 573. And such we find to be the prevailing opinion."

We adhere to that conclusion.

Defendant earnestly contends that there is no proof of negligence on its part in and about the negotiations for compromise and settlement and the defense of the action. We think there was proof sufficient to take the case to the jury, to be found in the letters pertaining to the various offers and counter-offers of settlement and in the testimony of T. S. Adams. The force of that evidence was solely a question for the jury. It was not, therefore, error to refuse to direct a verdict on this ground.

Defendant further contends that there is no proof of the allegation that defendant acted in bad faith in its conduct of the negotiations for settlement and its conduct of the defense. This, too, was a question for the jury to decide. It heard all the testimony, and might well be left

to decide whether the letters and oral testimony showed that defendant conducted the negotiations with an eye solely to its own interests and in disregard of plaintiff's rights and interests. Especially was this inquiry pertinent in view of the evidence which tends to show that after the verdict for $7,000.00 was rendered, defendant might yet have settled for $5,000.00, the amount of the policy of indemnity for which plaintiff had paid it. This settlement would have saved plaintiff harmless. The defendant places its reliance for support of its contention on the opinion of the Court of Appeals of Kentucky in the case of *Georgia Casualty Company v. Mann,* reported in 242 Ky., 447, 46 S. W. (2d), 777, 779. We do not agree with the conclusion reached by the Kentucky Court in that case. The argument and logic of the line of cases of which the *Attleboro case, supra,* is typical, is far more convincing, and is more in consonance with the contract of indemnity here under consideration. The Kentucky Court says: "At the outset it must not be overlooked that the insurance company is something more than the mere agent of the insured. Under the contract it occupies a twofold relation, one as insurer and the other as agent of the insured, *and may look to its own interests as well as those of the insured,* and what would be considered a compromise from the standpoint of the insured might not be a compromise from the standpoint of the insurance company." (Italics added.)

We especially dissent from the language of the opinion which we have italicized. The very thing which the appellant in the case which we have before us for determination undertook to do was to hold the respondent harmless in the disposition of Chesser's claim. If, in the effort to do this, its own interests conflicted with those of respondent, it was bound, under its contract of indemnity, and in good faith, *to sacrifice its interests in favor of those of the respondent.* If the Kentucky rule is the law, then a policy of indemnity such as is before us becomes a delusion and a snare. In the nature of things when there is a conflict of interests—as is

inevitably the case in all such matters—the company will give the preference to its own.

For the protection of its interests the casualty company especially reserved the right to control and direct the matter of negotiations for settlement and compromise, and of the defense of the action if litigation ensued. The plaintiff was directly deprived of a voice or part in such negotiations and defense. If the rule of the *Kentucky case* shall prevail, the indemnity companies may well felicitate themselves, for they are in position to say to the insured, "Heads I win, tails you, lose."

As was said in *Rumford Falls Paper Co. v. Fid. & Cas. Co.,* 92 Me., 574, 43 A., 503, 505, in reference to one of these policies in which case a principle akin to that for which the appellant here contends arose: "Thus, the assured helplessly awaited the determination of the question whether in that instance its policy of indemnity was to be a shield in its own hands, or a sword in the hands of its antagonist."

Did the appellant act in good faith when it refused to settle a judgment of $7,000.00 for the sum of $5,000.00? That was a question for the jury to decide in the light of the contract of indemnity, the law pertaining to its construction, and the evidence which showed the action and conduct of the appellant in the premises; the jury by their verdict have in effect said that appellant did not act in good faith. We shall not disturb their finding.

We have considered with care all the exceptions which complain of error in the charge and refusal to charge, and find no reversible error in any of them. The charge which referred to the conduct of the Chesser suit against the Tyger River Pine Company was clearly relevant and pertinent in the light of the pleadings and the evidence in this case.

The charge that it was the duty of appellant to compromise the claim if that was the reasonable thing to do is supported by authority.

In the annotation of the case of *U. S. Casualty Co. v. Johnston Drilling Co.* (161 Ark., 158, 255 S. W., 890), 34 A. L. R., 727, it was said: "It has been held that an insurer against liability for accidents which assumes the duty of defending a claim owes the assured the duty of settling the claim if that is the reasonable thing to do." Citing: *Cavanaugh Bros. v. General Accident F. & L. Assur. Corp.*, 79 N. H., 186, 106 A., 604. This language was quoted and approved by this Court in its opinion in the case of *Chesser v. Tyger River Pine Company, supra.*

■ The exceptions imputing error in the modification of appellant's requests to charge relating to the minority of Chesser are without merit. If it be true that Chesser was a minor during the period when negotiations were in progress for settlement, it is plain that Hebb, the agent of appellant in charge of such negotiations, knew how a settlement with a minor could be made by proper Court proceedings. It is patent that Chesser's minority had no influence on Hebb in the conduct of such negotiations. Chesser was of age when his action was brought against the Tyger River Pine Company.

All exceptions are overruled, and the judgment appealed from is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter concur.