19362

NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent-Appellant, v. J. Harold BAIR, Individually, and as Administrator of the Estate of Edward Byers Bair, et al., Appellants-Respondents.

(186 S. E. (2d) 410)

*R. Bruce Shaw, Esq.,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for Respondent-Appellant,* cites:

*Messrs. Kearse, Kemp & Rhoad,* of Bamberg, *for Appellants-Respondents,* cite:

*R. Bruce Shaw, Esq.*, of *Nelson, Mullins, Grier & Scarborough*, Columbia, *for Respondent-Appellant, in Reply*, cites:

January 20, 1972.

BRAILSFORD, Justice.

Nationwide Mutual Insurance Company brought this action for declaratory relief to determine the extent of its liability under the uninsured motorist and medical payments endorsements of a policy issued to J. Harold Bair. The policy was in force on July 6, 1968, when the policyholder's 1963 Chevrolet, one of two automobiles covered by the policy, was in collision with an automobile driven by an uninsured motorist, whose fault is stipulated. The defendants are the three surviving occupants of the Bair automobile, and the personal representatives of three other occupants who died in the accident.

Nationwide, admitting liability to all the defendants under the uninsured motorist provisions of its policy, sought a declaration that its total liability cannot exceed $20,000.00. The court below in granting that declaration rejected the defendants' contention that Nationwide's liability is *forty* thousand dollars since two cars were covered by the Bair policy. The defendants have appealed, claiming first that the result they seek is compelled by the applicable statutes. We affirm.

Section 46-750.32, Code of 1962, as amended, forbids the issuance of a policy of automobile liability insurance "unless

it contains a provision insuring . . . against loss from . . . liability . . ., subject to limits exclusive of interest and costs, *with respect to each motor vehicle,* as follows : ten thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident . . .." Section 46-750.33 requires such policies to contain a further provision "undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of any uninsured motor vehicle, within limits which shall be no less than the requirements of § 46-750.32 [as amended from time to time]."

Plainly, the floor set by Section 46-750.33 for uninsured motorist protection against bodily injury or death is the same as that established by Section 46-750.32 for liability coverage. The defendants have not suggested that cumulation, or "stacking," of policy limits * is required by statute where *liability* coverage is concerned. They nevertheless urge that cumulation of limits for the uninsured motorist endorsement is required. Their principal reliance is upon the phrase which we have italicized in the foregoing quotation from Section 46-750.32.

We think it clear that this phrase, "with respect to each motor vehicle," as used in Section 46-750.32, plays no part in fixing the minimum dollar limits required of *liability* coverage. Rather, it relates to the scope of the policy, assuring its application to any one of the listed vehicles which becomes involved in an accident, regardless of what liability may already have accrued to the insurer by reason of other accidents involving other vehicles insured by the policy. See the cases collected at 37 A. L. R. (3d) 1263 (1971), several of which attribute this import to policy language analogous to the statutory phrase in question. The placement of this phrase behind the word "limits" in

---

* *I. e.,* multiplying the face limits of a policy by the number of vehicles insured thereunder to arrive at a higher limit of recovery.

the statute is only a happenstance; it could be transposed elsewhere with no change in meaning. Since the phrase does not relate to the limits required of liability coverage by Section 46-750.32, it can bear no relation to those limits as incorporated by the uninsured motorist section.

Defendants further argue that the statutory scheme governing distribution of the Uninsured Motorists Fund to insurers shows a legislative intent to require cumulated limits within a policy. Section 46-138.4(2), as amended, directs the Chief Insurance Commissioner to distribute the fund in proportion to the "exposure to loss" faced by insurers by reason of uninsured motorist coverage. It is stipulated that such distribution is made by the Commissioner in simple proportion to the total number of vehicles insured under the policies of a given company. We fail to see how the election to disperse the fund on this basis bespeaks an administrative interpretation that cumulated limits are the rule. On the contrary, distribution of the fund without regard to the number of vehicles covered under a particular policy, as is now done, seems more consistent with an administrative view that uninsured motorist coverage is *not* multiplied by the number of vehicles included under a single policy. Nor does the present method of distribution have the effect of compensating the insurer as if policy limits were cumulated, as the defendants contend.

We hold that Section 46-750.33 does not require uninsured motorist endorsement limits to be multiplied by the number of vehicles insured under the policy of which the endorsement forms a part.

We find no merit in the defendants' additional argument that the terms of the policy are ambiguous as to whether cumulation of limits was intended.

In addition to the uninsured motorist question, Nationwide sought adjudication of the extent of its liability under the medical payments endorsement of the Bair policy. This portion of the contract consists of "Endorsement 534,"

pages 10 and 11 of the policy, with the pertinent portion of the "Century Policy Declarations" sheet. By Endorsement 534, the company promises to pay medical expenses under a variety of circumstances. The promise applicable to the facts of this case is to pay the expenses of "each person whose bodily injury or death was accidentally sustained while in . . . the described automobile . . ." Five conditions are attached to the promise, the fifth of which reads: "The amount payable under this endorsement to or for the benefit of any one person and arising out of any one accident shall not exceed the amounts set forth in the Century Policy Declarations."

The declarations sheet, at the front of the policy, lists the 1963 Chevrolet as Automobile Number 1 and a 1952 Chevrolet as Automobile Number 2. The various coverages provided, the limits of each and the premiums charged therefor are listed separately for each automobile. Both cars are shown to be covered by Endorsement 534, Automobile Medical Payments, with limit of liability for each person $500.00, at a premium of $2.30 for each car.

It is undisputed that all six occupants of the Bair automobile were insureds under the terms of the endorsement, and that the medical expenses of each exceeded $1,000.00. On these facts the court below concluded that Nationwide's liability under the medical payments endorsement was $1,-000.00 to each of the four occupants who were members of the policyholder's household, and $500.00 to each of the other two occupants. The one-thousand-dollar figure was obtained by cumulating the limits of coverage provided for each of the two automobiles described in the declarations sheet. Nationwide has appealed from that portion of the judgment declaring it liable in excess of $500.00 per person. We reverse.

The applicable section of the medical payments endorsement insures those who sustain injury while occupying the described automobile. None of the other coverages afforded by the endorsement fit these facts.

The accident involved the 1963 Chevrolet, called in the declarations sheet "Automobile Number 1." The 1952 Chevrolet is also a "described automobile" under the medical payments endorsement— but no "bodily injury or death was accidentally sustained while in or upon, entering or alighting from" this automobile. Therefore, the medical payments provisions of the policy as to "Automobile Number 2" are irrelevant to these claims.

The defendants claim to find ambiguity in the fifth condition of coverage, which limits the insurer's liability to "the amounts set forth" in the declarations. We think it certain that "the amounts" referred to do not include entries found under declarations not pertinent to the insurer's obligation under the facts. The declarations relating to Automobile Number 2 have no connection with "the described automobile" in which the injuries were sustained for which the insurer's obligation to pay arose. The amounts available to occupants of Automobile Number 2, should they suffer medical expense by reason of injury sustained therein, are no more germane to the limits of the insurer's obligation under the present facts than are "the amounts" found in the liability section of the declarations, or in the uninsured motorist endorsement.

We recognize that stacking of medical payments limits has been approved in a number of decisions. However, the controlling policy provisions in those cases, apparently without exception, differed crucially from those now before us. The cases are collected at 21 A. L. R. (3d) 900 (1968). See also the careful analysis of these cases according to policy language found in *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.,* 276 N. C. 348, 172 S. E. (2d) 518 (1970). We do not disapprove cases reaching a different conclusion under different policy provisions, but limit our holding to the terms of the contract now before us and the facts of this case. Under the policy's plain and unambiguous provisions, the insurer's medical payments obligation is limited to $500.00 per person.

Affirmed in part; reversed in part.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.