21897

Walter P. MYERS, Respondent, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY and State Farm Insurance Company, of whom State Farm Insurance Company is Appellant.

(302 S. E. (2d) 331)

*R. Bruce Shaw* and *Jim Gray*, of *Nelson, Mullins, Grier & Scarborough*, Columbia, *for appellant.*

*Terry E. Richardson, Jr.*, of *Blatt & Fales*, Barnwell, *for respondent.*

April 18, 1983.

HARWELL, Justice:

Respondent instituted this action to recover personal injury protection benefits under insurance policies issued by appellant and GEICO. Subsequently, GEICO paid respondent the benefits available under its policy and is no longer involved in this appeal. Both appellant and respondent moved for summary judgment. By agreement and upon stipulated facts, the parties submitted the case to the trial judge. The judge granted respondent summary judgment in the amount of $1480.96 plus interest and attorney's fees in the amount of $494.64. We affirm the order inasmuch as it granted respondent summary judgment but reverse the award of attorney's fees.

Phil Myers, respondent's son, was driving a two-wheeled motorized vehicle, a Honda Model No. NC50, on September 8, 1978 when the Honda and an automobile driven by Billie Jean Meek collided on a public street in Bamberg, South Carolina. As a result, respondent's son incurred $2480.96 in medical bills. Respondent applied for personal injury protection benefits under the Meek's no-fault insurance coverage issued by GEICO and under the no-fault provisions of his own automobile insurance policy issued by appellant. Initially, both

insurance companies denied coverage; however, prior to the trial date, GEICO paid respondent $1000, its basic PIP coverage. Appellant contends its policy does not cover the accident because the Honda Express is a motorcycle, and motorcycles are excluded under its policy as allowed by statute.

Personal Injury Protection benefits are available to all persons injured in a collision with a motor vehicle except those expressly excluded by statutes. *Esler v. United Services Auto Association,* 273 S. C. 259, 255 S. E. (2d) 676 (1979). S. C. Code Ann. § 56-11-170(d) (1976) lists the statutory exclusions and provides that "with respect to motorcycles, economic loss benefits required under § 56-11-110 may be excluded or may be offered with deductibles, options or with specific exclusions." The supplemental economic loss clause of appellant's policy states:

This insurance does not apply

(b) to bodily injury sustained by any person who (4) is injured while operating, maintaining or using a motorcycle.

The sole question submitted to the trial judge was whether a Honda Express is a motorcycle as contemplated by the policy exclusion and the applicable statutes. The trial judge found it was not, and therefore, ordered appellant to pay respondent's claim.

The Honda Express is a two-wheeled vehicle powered by a 50 cc two-horsepower motor without pedal assist. The trial judge labelled it as a moped. We disagree with that classification because, unlike the Honda Express, a moped is a pedal bicycle with a helper motor rated less than one brake horsepower. The Honda Express has headlamps, taillamps, and fenders. According to statute, if it is operated on a public road, it must be licensed and registered with the South Carolina Highway Department. S. C. Code Ann. § 56-3-110 (1976) and § 56-3-20 (1976). Moreover, the operator of a Honda Express on a public road must have a valid driver's license. S. C. Code Ann. § 56-1-20 (1976) and § 56-1-10 (1976).

Neither the South Carolina Automobile Reparation Reform Act nor appellant's policy contains a definition of the term "motorcycle" as contemplated by the exclusion. As a guideline, however, this Court has indicated that exclusions from PIP coverage are to be strictly construed.

*Esler v. United Services Auto Association, supra.* Title 56 of the South Carolina Code generally defines a motorcycle as:

> Every motor vehicle having a saddle for the use of the rider and designed to travel on not more than three wheels in contact with the grounds, but excluding a tractor.

S. C. Code Ann. § 56-3-20(3), 56-5-140, 56-19-10(18) (1976). Immediately following the definition of motorcycle, the legislature defines a motor-driven cycle as:

> Every motorcycle, including every motor scooter, with a motor which produces not to exceed five horsepower, and every bicycle with a motor attached.

S. C. Code Ann. § 56-3-20(4), 56-5-150, 56-19-10(19) (1976). Therefore, the legislature encompasses a motor-driven cycle (except a bicycle with a motor attached) in the class of motorcycles. Because the Honda Express produces only two horsepower, it falls within the sub-classification of a motor-driven cycle. Therefore, we conclude that a Honda Express is not a motorcycle as contemplated by the exclusion clause. Accordingly, respondent's claim for PIP benefits is covered by appellant's no-fault insurance clause.

The trial judge and respondent contend that *State Farm Mut. Auto Ins. Co. v. O'Kelley*, 349 So. (2d) 717 (Fla. App. 1977) directly controls the present issue. We disagree. *O'Kelley* involved an unlicensed minibike which was not equipped with headlights, taillights, stoplights or a horn. In addition, the accident occurred on a sidewalk when the minibike collided with a parked automobile. Those are not the facts here. However, the Florida Court made a distinction, as we do here, between motorcycles and motor-driven cycles and held that motor-driven cycles are not contemplated in the motorcycle exclusion.

In addition to granting respondent summary judgment, the trial judge granted him attorney's fees under S. C. Code Ann. § 38-9-320 (1976). That statute provides that when an insurance company refuses to pay within 90 days a claim made by one of its insureds, and the insured brings suit to enforce the claim, the trial judge may award attorney's fees to the successful plaintiff-insured upon a find-

ing that the refusal was without reasonable cause or in bad faith. We have recently held that when an insurance company refused to pay a claim which was based on a legal issue of novel impression, an attorney's fee award was improper. *Nelson v. United Fire Ins. Co. of N. Y.*, 275 S. C. 92, 267 S. E. (2d) 604 (1980). The question of the scope of the PIP motorcycle exclusion is a genuine, novel, legal dispute which appellant has properly litigated. Moreover, respondent made no showing that appellant's refusal was unreasonable or made in bad faith. Appellant and respondent submitted only one issue to the trial judge: whether the Honda Express is a motorcycle. Respondent submitted no evidence concerning appellant's refusal in bad faith or without reasonable cause. Therefore, we reverse the award of attorney's fees.

Affirmed in part; reversed in part.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

NESS, J., not participating.