21959

George KRAFT, Respondent, v. The HARTFORD INSURANCE COMPANIES, Appellant.

(305 S. E. (2d) 243)

---

*Barnwell, Whaley, Stevenson & Patterson*, Charleston, *for appellant.*

*Joye, Claypoole & Kefalos*, Charleston Heights, *for respondent.*

July 19, 1983.

GREGORY, Justice:

The Hartford Insurance Companies (Hartford) appeals from an order of the special trial judge granting respondent George Kraft's motion for summary judgment. The sole issue on appeal is whether automobile liability insurance may be "stacked" when the insured is driving a non-owned vehicle. We affirm.

Respondent was seriously injured when the motorcycle he was driving was struck by a vehicle driven by Thomas Geathers and owned by Richard Geathers, an insured of State Farm Automobile Insurance Company (State Farm). Respondent settled with State Farm for the full amount of its coverage.

Thomas Geathers was the named insured under an automobile insurance policy issued by appellant which covered two vehicles, both with minimum coverage in the amount of $15,000/$30,000/$5,000. Respondent sought recovery from appellant in the amount of $30,000.00. Appellant denied recovery of any amount greater than $15,000, the liability coverage on one vehicle. Respondent then brought this declaratory judgment action to resolve the issue whether liability coverage on the vehicles could be "stacked" when the insured was driving a non-owned vehicle.

Cross motions for summary judgment were heard. Hartford appeals from the trial court's order granting respondent's motion.

Appellant concedes an insured who contracts for double coverage should receive double coverage, but contends its insured paid for a single coverage for non-owned vehicle liability coverage and is entitled to single coverage.

An insurer is not required by statute to offer insurance coverage for the operation of non-owned vehicles; thus, the parties may contract as they choose. *See Willis v. Fidelity and Casualty Company of New York*, 253 S. C. 91, 169 S. E. (2d) 282 (1969).

The question arises whether Geathers' insurance contract provided liability coverage for the operation of non-owned vehicles on both vehicles covered under the policy.

The "Liability" portion of Geathers' policy, Section I, provides that the insurer agrees to pay on behalf of the insured all sums the insured is legally obligated to pay as damages which arise out of the ownership, maintenance, or use of the owned automobile or any non-owned automobile. The "Conditions" portion of the policy provides in pertinent part:

> 4. Two or More Automobiles — Sections I, II, and IV: When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each ....

An insurance policy is to be liberally construed in favor of the insured and strictly construed against the insurer. See 11A West's South Carolina Digest, *Insurance*, Key No. 146.7(1). Appellant submitted an affidavit of one of its Personal Lines Managers which stated in part: "That this policy also provided Thomas Gathers (sic) with coverage while driving a non-owned vehicle regardless of the number of owned vehicles named in the policy and he pays no additional premium for non-owned vehicle coverage if an additional car or cars are added to the policy."

The separability clause of the policy, however, clearly indicates each vehicle should be treated as if insured on a separate policy with respect to the liability, medical payments, and physical damages sections (Sections I, II, and IV) of the policy. Hartford drafted the policy and could have easily included therein a clause similar to the above quoted portion of the affidavit. The fact that Geathers paid no additional premium for non-owned vehicle coverage if additional cars were added to his policy is of little significance since neither the policy nor the affidavit indicate he paid any premium for non-owned vehicle coverage. It is possible this coverage is offered gratuitously or is an inherent component of liability coverage which is considered in determining the premium therefor.

Again, Hartford agrees one who pays for double coverage should receive it, and while Hartford does not concede one who has non-owned vehicle coverage on vehicles listed on separate policies with the same or different insurance com-

panies should be allowed to stack the coverage, it would be difficult to argue otherwise.

We find Geathers contracted for non-owned vehicle liability coverage on both vehicles listed in the policy; therefore, he is entitled to coverage of $15,000 for each car. Accordingly, we affirm the order of the special trial judge allowing the "stacking" of liability coverage.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.