892 F.2d 74
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ouida Denise Page BLACK, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 88-1706.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 10, 1989.
Decided: Dec. 8, 1989.
 
 Ricky Keith Harris (Faucette Law Firm, P.A., on brief), for appellant.
 William Francis Marion, Jr. (Haynsworth, Marion, McKay & Guerard, P.A., on brief), for appellee.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The sole issue in this appeal is whether the district court correctly interpreted the law of South Carolina in holding that an automobile liability insurance policy may restrict stacking where the insured has three automobiles insured under one policy with the minimum statutory required coverage for each vehicle. Finding the district court correctly interpreted the law, we affirm.
 
 
 2
 The facts are not in dispute. Appellant, plaintiff below, was injured in an automobile accident. The at-fault party was insured under a liability insurance policy issued by Allstate Insurance Company, defendant below. The policy provided coverage for three automobiles owned by the insured and her husband each with limits of $15,000.00 per person and $30,000.00 per accident, the minimum statutory requirements for bodily injury liability. Plaintiff asserted that because her damages exceeded $45,000.00, she was entitled by law to payment of the combined per person liability coverages of the three vehicles listed in the policy, namely $45,000.00. Finding that the policy provided the minimum required statutory limits of coverage for the vehicle involved in the accident had been paid; that the policy contained a provision prohibiting stacking; and that the insured received the coverage purchased and paid for, the Court granted Allstate's motion to dismiss appellant's declaratory judgment action.
 
 
 3
 Appellant contended in the district court, as she does here, that required basic uninsured motorist coverage may be stacked, and since the liability coverage provided by the South Carolina statute, S.C.Code Ann. § 38-77-140 (Law Co-op 1987 Supp.) is required coverage, there can be no valid anti-stacking provision in the Allstate policy unless that statute prohibits stacking. She relies on Jackson v. State Farm Mutual Automobile Insurance Company, 288 S.C. 325, 342 S.E.2d 603 (1983), to support her contention. We agree with the district court that appellant's interpretation of the holding in Jackson is not correct. Jackson held that stacking was generally permitted "unless limited by statute or by a valid policy provision" (citations omitted). 342 S.E.2d at 604. Jackson further held that the test was how many additional coverages the insured had contracted for and purchased, and that a policy which purports to limit stacking is unenforceable if the coverage is less than the minimum required by statute.
 
 
 4
 Here, the coverage on the vehicle involved in the accident (as well as the other two vehicles covered by the policy) met the requirements of the statute, and stacking was prohibited under the terms of the policy. Insured received the coverage required by law and that which the insured purchased and paid for. The district court so decided. Such holding is in accord with Jackson, the South Carolina Court of Appeals in Thompson v. Continental Insurance Co., 291 S.C. 47, 351 S.E.2d 904 (S.C.Ct.App.1986), and the Supreme Court of South Carolina in National Mutual Insurance Company v. Blair, 257 S.C. 551, 186 S.E.2d 410 (1972). These cases stand for the proposition that where the applicable limits of coverage under a policy covering more than one vehicle meet the minimum statutory requirements as to each vehicle, stacking of liability coverage may be restricted by a valid policy provision.
 
 
 5
 The Allstate policy in question sets forth on the declaration page:
 
 
 6
 Combining limits of two or more autos prohibited
 
 
 7
 If you have two or more autos insured in your name and one of these autos is involved in an accident, only the coverage limits shown on the declarations page for that auto apply. When you have two or more autos insured in your name and none of them is involved in the accident, you may choose any single auto shown on the declarations page and the coverage limits applicable to that auto will apply.
 
 
 8
 The limits of liability for any other auto provided by this policy will not be added to the coverage for the involved or chosen auto.
 
 
 9
 Where the minimum requirements of the statute are met, the parties may choose their own terms as to additional coverage, and the policy "is valid as to any voluntary coverage to which the parties contracted." Jackson, 342 S.E.2d at 605. The language in Thompson points out that if an insured "is driving one of the listed automobiles, while at the same time [insured's spouse] or any other insured person, is driving another [of the insured vehicles] and both automobiles are involved in accidents, his policy assures that a limit of [$15,000.00 to one person, $30,000.00 to one accident] applies to each of the automobiles; and the policy provides protection in the limit [stated] to each of them for liability that may arise as a result of each separate accident." 351 S.E.2d at 908. These holdings are in accord with Fireman's Insurance Company of Newark, New Jersey v. State Farm Mutual Automobile Insurance Company, 370 S.E.2d 85 (S.C.1988) and Giles v. State Farm Mutual Automobile Insurance Company, 376 S.E.2d 278 (S.C.1989).
 
 
 10
 AFFIRMED.