**AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, a Wisconsin corporation, duly authorized to transact insurance business in Colorado, Plaintiff–Appellee,**

v.

**Laurence C. EKEROTH, a conservator of the Estate of Gregory Ekeroth, a protected person, Defendant–Appellant.**

**No. 89CA0296.**

Colorado Court of Appeals,
Div. I.

March 8, 1990.

Rehearing Denied April 5, 1990.

Dickinson, Everstine, Kelly & Prudhomme, P.C., Richard L. Everstine, Denver, for plaintiff-appellee.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Fogel, Keating and Wagner, P.C., William L. Keating, Denver, and Hoyt, Gravely & Thorpe, P.C., Wesley Hoyt, Englewood, for defendant-appellant.

Opinion by Judge PIERCE.

In this declaratory judgment action, defendant, Lawrence C. Ekeroth, appeals the district court's construction of the terms of the three policies issued by plaintiff, American Standard Insurance Company of Wisconsin (American). We affirm.

Defendant is the conservator of the Estate of Gregory Ekeroth who suffered severe injuries in an automobile accident. Ekeroth's automobile collided with a vehicle being driven by a relative of the insured who was also a resident of the insured's household. The vehicle being driven by the resident relative was not owned by the insured or by a resident relative.

The insured did own three vehicles which were insured separately by American under three insurance policies. Separate premiums were paid on each policy and each policy provided identical liability coverage. Bodily injury liability coverage was provided under each policy up to a maximum of $25,000 per person and $50,000 per occurrence. Also, each extended excess liability coverage to the permissive use of non-owned vehicles.

American brought this action for judicial determination of the policies' terms after the conservator filed a claim against American for $75,000, the total of the maximum liability coverage under all three policies.

The following limitation of liability provision appears in all three insurance contracts and provides that:

"Two or More Cars Insured. The total limit of our liability under all policies issued to you by us shall not exceed the highest limit of liability under any one policy."

A general provision of the contracts provides that:

"We [American] will pay no more than [the maximum liability amount due under any one policy] no matter how many vehicles are described in the declarations or insured persons, claims, claimants, *policies*, or vehicles are involved." (emphasis added)

The trial court ruled that these provisions prohibit the "stacking" of liability coverage under the three policies and, therefore, limit American's total liability to $25,000.

I.

■ The conservator contends that, because separate premiums were paid on each policy and each policy provided non-owned vehicle liability coverage, all three policies provided concurrent non-owned vehicle coverage and that, therefore, American is liable for $25,000 on each policy. We disagree.

Unless there is an ambiguity, an insurance contract is to be construed to give effect to its provisions as written. *Northern Ins. Co. of New York v. Ekstrom*, 784 P.2d 320, (Colo.1989). The determination whether a contract is ambiguous is a matter of law and, therefore, subject to independent review by this court. *Colard v. American Family Mutual Insurance Co.*, 709 P.2d 11 (Colo.App.1985). We find no ambiguity here.

The conservator relies on *Parsons v. Parsons*, 413 N.W.2d 185 (Minn.App.1987) to argue that coverage under each policy was triggered by the resident relative's use of a non-owned vehicle. However, we conclude that *Parsons* is not applicable here because that case was decided in the absence of any language appearing in the insurance policies, such as that at issue here, which limited the insurance company's liability under multiple policies.

Here, each policy contains language which limits American's liability to the maximum amount recoverable under any one policy. The fact that separate premiums were paid on each policy is not dispositive and does not alter the plain wording of the policies. *Emick v. Dairyland Insurance Co.*, 519 F.2d 1317 (4th Cir.1975).

II.

■ The conservator next contends that the insurance policy provisions are void as against public policy. We disagree.

The conservator argues that the policies' liability limitation provisions are in conflict with §§ 10–4–705 and 10–4–706, C.R.S. (1987 Repl. Vol. 4A). However, we are not persuaded that §§ 10–4–705 and 10–4–706 mandate a minimum coverage for every policy; rather, we conclude that the purpose of these statutes is to impose upon motor vehicle owners a mandated level of insurance coverage for their vehicles. *See Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984).

Here, American has limited its total liability under all three policies to the requisite statutory minimum. Since each policy complies with the insured's statutory obligation, we perceive no conflict with §§ 10–4–705 and 10–4–706.

The conservator's remaining contentions are without merit.

Judgment affirmed.

METZGER and PLANK, JJ., concur.