**COLORADO FARM BUREAU MUTUAL INSURANCE COMPANY, Petitioner,**

v.

**James Michael KEHR, Respondent.**

**No. 92SC246.**

Supreme Court of Colorado,
En Banc.

June 7, 1993.

Law Firm of Kenneth Lampton & Associates, P.C., Kenneth R. Lampton, Jr., Denver, for petitioner.

Vinton, Waller, Slivka & Panasci, Denis H. Mark, Denver, for respondent.

Wilcox & Ogden, P.C., Ralph Ogden, Kidneigh & Kaufman, P.C., Stephen C. Kaufman, Denver, for amicus curiae the Colorado Trial Lawyers Ass'n.

Justice VOLLACK delivered the Opinion of the Court.

Petitioner Colorado Farm Bureau Mutual Insurance Company (Colorado Farm Bureau) petitions from the court of appeals opinion in *Kehr v. Colorado Farm Bureau Mutual Insurance Co.,* No. 90CA1930 (Colo.App. Feb. 20, 1992), a decision not selected for publication, wherein the court of appeals ruled that anti-stacking provisions contained in motor vehicle insurance policies providing underinsured motorist coverage were void as against public policy. We disagree, and reverse the decision of the court of appeals.

I.

The parties stipulated to the following facts. James Michael Kehr (Kehr) owned three vehicles which were each insured by Colorado Farm Bureau under three separate policies of insurance, each of which provided $100,000 per person/$300,000 per accident uninsured/underinsured motorist benefits.

On February 14, 1987, Kehr was severely injured in a one-car accident while riding as a passenger in a motor vehicle owned and operated by Ronald Vance (Vance). Vance

was insured under a policy of liability insurance issued by American Standard Insurance Company of Wisconsin (American Standard) which provided policy limits of $25,000 per person.

Kehr collected $25,000 from American Standard, and $3,500 from the Estate of Vance. Colorado Farm Bureau paid Kehr $71,500, which represented the difference between the maximum limit of underinsured motorist coverage, $100,000, available on one of Kehr's policies, and the $28,500 Kehr collected from American Standard and the Estate of Vance.

Kehr sought to stack the limits of the underinsured motorist coverage of his three separate policies. Based upon the "other insurance" clause[1] contained in each of the three policies, Colorado Farm Bureau refused to stack the underinsured motorist coverage. Kehr than filed a declaratory judgment action, and both parties filed motions for summary judgment.

The district court concluded that the "other insurance" clause of the policies issued by Colorado Farm Bureau was valid and enforceable, and did not violate the public policies underlying section 10–4–609, 4A C.R.S. (1983 & 1987). Further, the district court found that "Colorado [c]ase law does not support the stacking theory." *See American Standard Ins. Co. of Wisconsin v. Ekeroth,* 791 P.2d 1220 (Colo.App.1990).

Relying on *Thompson v. Shelter Mutual Insurance Co.,* 835 P.2d 518 (Colo.App. 1991), the court of appeals reversed the district court, and held that the anti-stacking provisions contained in the Colorado Farm Bureau policies violated public policy.

## II.

In *Shelter Mutual Insurance Co. v. Thompson,* 852 P.2d 459 (Colo.1993), we reversed the court of appeals holding that anti-stacking provisions were void in violation of public policy. We held in *Thompson* that anti-stacking provisions contained in underinsured motorist insurance policies do not violate the public policy underlying section 10–4–609, 4A C.R.S. (1983 & 1987), and are permissible. Accordingly, in the present case, we conclude that the anti-stacking provisions contained in the Colorado Farm Bureau policies are valid, and that Kehr is not entitled to stack the underinsured motorist benefits of his three separate policies. The judgment of the court of appeals is reversed.

---

1. The policies issued by Colorado Farm Bureau contained the following "other insurance" clause:

> With respect to an accident or **occurrence** to which this and any other auto policy **we** issue to **you** applies, the total limit of **our** liability for Uninsured Motorists Coverage under all the policies shall not exceed the highest limit under any *one* policy.
>
> In all other situations, insurance afforded under this Uninsured Motorists Coverage for

**bodily injury** to an **insured person** shall apply only as excess insurance over any similar insurance available to the **insured person** and then only in the amount necessary to conform such combined amounts to required Uninsured Motorists Coverage limits, if any, of the **state** where the accident occurs, not to exceed the limits of liability for Uninsured Motorists Coverage shown on the Policy Coverage Summary Page.

(Emphasis added.)